STATE OF MISSOURI, Respondent, v. MARTIN RYAN, Appellant.

St. Louis Court of Appeals, January 15, 1895.

Criminal Law: CONVICTION FOR LESSER OFFENSE THAN CHARGED. An accused may be convicted of a lesser offense than the one charged in the indictment, if the commission of the offense charged necessarily includes the commission of that for which he is convicted.

*Appeal from the St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

No brief was filed for either appellant or respondent.

BIGGS, J.—The defendant was indicted under section 3746 of the Revised Statutes of 1889, for knowingly casting more than one ballot at an election for municipal officers of the city of St. Louis. The evidence was not sufficient to convict him of the felony charged, but it tended only to prove an *attempt* to cast more than one vote at said election, which, under section 3746, is made a misdemeanor. The court instructed the jury that they must acquit the defendant of the offense charged in the indictment, but the other instructions authorized a conviction under section 3747, *supra*. There was a conviction, and a fine of $100 was assessed. The defendant has appealed.

There are no briefs filed on either side, but the law requires us to examine the record to see that the defendant has had a fair trial.

There is no trouble about the indictment. It follows the language of the statute, and fully apprised the defendant of the offense with which he was charged.

There was substantial evidence tending to prove that the defendant *attempted* to cast an illegal ballot at the election mentioned in the indictment. Under section 3950 of the statute he was properly convicted of that offense. Where an accused is charged in the indictment with the greater offense, he may be convicted of the lesser if the commission of the latter is necessarily included in the commission of the former.

With the concurrence of the other judges, the judgment of the Criminal Court will be affirmed. It is so ordered.